IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRACY J. RHINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 3:12-cv-214-JPG |
| KAREN HARTSTEIN, KIMBERLY DAVIS, ) | |
| DEE BROWN, JEFF TONEY, T. KELLY, ) | |
| ZELDA BELL, D. HUTCHCRAFT, G. ) | |
| COOPER, ROBERT D. BROOKS, and W.A. ) | |
| SHERROD, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**GILBERT, District Judge:**

Plaintiff, a former inmate at Greenville Federal Prison Camp, brings this *pro se* civil rights action alleging violations of her constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The statement of Plaintiff's claim reads as follows:

> On or about June 17, 2010, FPC Inmates Hartstein, Davis, and Brown conspired with Greenville FPC & FCI Staff Members Jeff Toney, T. Kelly, Zelda Bell, D. Hutchcraft, G. Cooper, Robert D. Brooks, and W.A. Sherrod, all federal employees to deprive me of my First Amendment rights to freedom of speech and the ability to readdress grievances to government. My Fifth Amendment rights to life, liberty, and property, without due process were also violated along with my Equal Protection rights. My Sixth Amendment right to meaningful access to courts and my Eighth Amendment right, retaliation, deliberate indifference, and cruel and unusual punishment were violated also, as well as several statutorily protected interests as described in both CODE OF FEDERAL REGULATIONS and BOP PROGRAM STATEMENTS.

(Doc. 1.)

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold

review of the complaint. Accepting Plaintiff's allegations as true, the Court finds Plaintiff has not articulated a colorable federal cause of action. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's complaint is insufficient because it makes no factual allegations. The statement of the claim consists only of legal conclusions. The Court is unable to determine who did what to whom. Accordingly, the complaint is insufficient under *Twombly* because it does not plead "enough facts to state a claim to relief that is plausible on its face." *Id.* As such, Plaintiff's complaint fails to state a claim upon which relief may be granted. It is therefore subject to dismissal under 28 U.S.C. § 1915A(b)(1).[1]

## DISPOSITION

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is **DISMISSED** with prejudice. All Defendants are **DISMISSED** from this action with prejudice.

Plaintiff is **ADVISED** that this dismissal shall count as one of her allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this

---

[1] The Court has considered and rejected the possibility of allowing Plaintiff to amend the complaint to add factual allegations. On the same day Plaintiff filed this case, she filed another similar case (*Rhine v. Cross*, Case No. 3:12-cv-211-MJR (S.D. Ill. March 8, 2012)), in which she alleged BOP officials violated her constitutional rights. Defendants Bell, Hutchcraft, and Sherrod are named as Defendants in both cases. Many of the claims in *Rhine v. Cross* survived threshold review, and the Court may sever the claims into separate actions. *Id.* (S.D. Ill. August 15, 2012). To the extent Plaintiff wishes to add facts to claims raised in the instant case, she may seek leave to amend the complaint in *Rhine v. Cross* or one of the separate actions to be severed from it.

action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: September 12, 2012**

s/ *J. Phil Gilbert*
J. PHIL GILBERT
United States District Judge